The only point decided in this case will be sufficiently understood from the following opinion of the Court of Appeals delivered by ’
Johnson, J.
The only question submitted to the Court, is whether the committee appointed by the Circuit Court to manage the estate of a lunatic, is entitled to compensation for their care and labor bestowed upon it ? And I am at a loss to conjecture how any doubt could arise about it. The 11th Sect, of the Act of 1745, which is preserved by Judge Brevard, (1 Brev. Dig. 392, Tit. Guardian and Ward) expressly allows to executors, administrators, guardians, and trustees, for their care, trouble and attendance in the execution of their trusts, 2\ peí-cent. for receiving, and 2\ per cent, for paying away all monies that may pass through their hands, in the management of the estate committed to them. And by 12th Sect, of the same Act (P. L. 202 — 3) they are authorized when they have had extraordinary trouble in the discharge of their duty, and are not satisfied with the allowance, to bring an action in the Court of Common Pleas, where they are entitled to recover an additional compensation not exceeding five per cent., in addition to the sum so allowed. Judge Grimke, it is true, has not retained the 11th Sect, of the Act, but the word “trustee” is used in the 12th Sect, in reference to it, and it is evident that it was a mere omission. The office of a committee of a lunatic is that of trustee. The duties to be performed ar.e those of trustee, and the invariable practice of the Court has been, to allow them, compensation. We are, therefore, very clearly of opinion that for ordinary care and trouble, this committee are entitled to the ordinary commissions, and if in the discharge of their duties, they are compelled to bestow extraordinary care and trouble, they will be entitled to bring their suit in the Common Pleas, to recover the additional compensation provided by the Act.
O’Neall and Harper, JJ. concurred.